IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALLORY ROSS,<br><br>    *Plaintiff*,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC.,<br><br>    *Defendant*. | CIVIL ACTION<br>NO. 17-04572 |

## MEMORANDUM ORDER

**AND NOW**, this 9th day of May, 2018, upon consideration of Defendant's Motion to Dismiss (ECF No. 9), Plaintiff's Response (ECF No. 13), and Defendant's Reply (ECF No. 14), it is **ORDERED** that Defendant's Motion (ECF No. 9) is **GRANTED IN PART.** The Motion is **DENIED** with respect to **Counts I, II, IV, VI** and **GRANTED** with respect to **Counts III and V**, which are dismissed without prejudice. Plaintiff may file a Second Amended Complaint on or before May 23, 2018 in accordance with this Order. It is further **ORDERED** that Defendant's Motion to Stay Discovery (ECF No. 10) is **DENIED** as **MOOT**.

Plaintiff Mallory Ross is an African-American woman who worked in the security services industry for over six years and served as a Corrections Officer for over two years. (Compl. ¶ 13.) She began working as an Area Supervisor for Defendant G4S Secure Solutions on January 4, 2016. (*Id.* ¶¶ 6, 11.) G4S provides contract security services to different facilities throughout the country. (*Id.* ¶ 7.) In February 2016, Ross's supervisor John Cormerer began making "discriminatory, sexist and racist remarks" towards her. (*Id.* ¶ 16.) Cormerer decided which employees would be

1

assigned to certain customer locations and when making those decisions, he would "openly question the race and gender of the employees" and would refuse to place non-white and/or female individuals at certain locations in favor of their white and/or male counterparts. (*Id.* ¶ 17.) Ross was not permitted to perform the same job duties as her "non-black and male counterparts." (*Id.* ¶ 19.)

Ross applied for an Operations Manager position in February 2017 and was interviewed by Cormerer, but a white male, Joel Thorton, received the job. (*Id.* ¶¶ 20, 21.) Thorton was "less experienced, less senior and less efficient" than Ross. (*Id.* ¶ 21.) In May 2017, Cormerer said that he would no longer place female workers at the location that Ross supervised. (*Id.* ¶ 22.) Ross complained to Thorton about the discrimination she was experiencing and G4S did not investigate her complaints. (*Id.* ¶¶ 24, 25.) After Ross complained, G4S management criticized her performance "in a manner disparately to her non-black and/or male coworkers." (*Id.* ¶ 26.) Ross was fired on May 15, 2017 "in close proximity to her complaints about discrimination." (*Id.* ¶ 27.)

In Counts I, II, and III of her Complaint, Ross alleges claims under Title VII for race discrimination, gender discrimination, and retaliation. In Counts IV and V Ross brings claims under 42 U.S.C. § 1981 for race discrimination and retaliation. In Count VI Ross asserts a claim for a violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.3.

G4S moves to dismiss Ross's Title VII claims and argues that the Court does not have subject matter jurisdiction because Ross "failed to attached her EEOC Charge of Discrimination" to her Amended Complaint. (Mot., at 2.) At the pleading stage, Ross is not required to attach the EEOC charge or her right to sue letter—she only needs to

"sufficiently allege exhaustion." *Boyer v. City of Philadelphia*, No. 13-6495, 2015 WL 9260007, at *3 (E.D. Pa. Dec. 17, 2015); *Ackah v. Pennsylvania Dep't of Corr.*, No. 08-0376, 2008 WL 11366478, at *6 (M.D. Pa. Nov. 14, 2008); *Carlton v. City of Philadelphia*, No. 03-1620, 2004 WL 633279, at *2 (E.D. Pa. March 30, 2004). Ross alleges that she exhausted her administrative remedies by filing a charge of discrimination with the EEOC on June 2, 2017 pertaining to race, color, gender discrimination and retaliation, she received a right to sue letter on August 4, 2017, and filed a Complaint within 90 days of receiving the letter on October 13, 2017. (Compl. ¶¶ 34, 40, 46.)

G4S argues next that Ross is "precluded from pursuing" a claim pursuant to 42 U.S.C. § 1981 for race discrimination because the allegations supporting the claim are identical to those supporting her claim for race discrimination under Title VII. (Mot., at 4.) Title VII and Section 1981 remedies are distinct and not mutually exclusive. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975); *Gordon v. National R.R. Passenger Corp.*, 564 F. Supp. 199, 205 (E.D. Pa. 1983). To prove liability under Section 1981, Ross must show a racially discriminatory purpose for the Defendant's actions. *Gordon*, 564 F. Supp. at 205. Ross has done so as she alleges that Cormerer would make racist remarks toward her and openly question the race of employees who were proposed for certain work placements. (Compl. ¶¶ 16, 17.)

G4S further contends that Ross fails to state claims under Title VII for race and gender discrimination because she does not allege that she was qualified for her position and that similarly situated comparators exist. (Mot., at 5.) G4S is a company that provides contract security services. Prior to being offered and accepting her

position at G4S, Ross worked in the security services industry for over six years. Further, there is nothing "to indicate that [her] job performance was unsatisfactory." *Tanay v. Encore Healthcare, LLC*, 810 F. Supp. 2d 734, 745 (E.D. Pa. 2011). Therefore, "it is reasonable to infer that [Ross] was qualified for [her] position, based upon [her] credentials" and her one and a half year tenure at G4S. *Id.*

Next, G4S argues that Ross did not sufficiently allege that similarly situated individuals who were not members of her protected class were treated more favorably. (Mot., at 5, 6.) In its Reply brief, G4S construes Ross's allegations in a way that suggest the "comparators" were in fact subordinates and therefore not similarly situated to Ross. (Reply, at 5.) G4S's argument at this stage is without merit. Throughout her Complaint, Ross asserts that her non-black and male "counterparts" were treated differently. (Compl. ¶¶ 17, 19.)

Finally, G4S contends that Ross fails to adequately plead Title VII and Section 1981 retaliation claims because she fails to allege that she engaged in protected activity or that there was a causal connection between the protected activity and her termination. (Mot., at 6, 7.) Ross alleges that she "directly objected to Cormerer's discriminatory comment" and she "complained to Joel Thorton," the Operations Manager, "expressing her concerns of discrimination" and that this alleged discrimination precluded her from being promoted. (Compl. ¶ 24.) She further alleges that G4S did not investigate her complaints. (*Id.* ¶ 25.) Ross's verbal complaints to a manager about the alleged discrimination are protected activities. *See Burton v. Pennsylvania Bd. of Prob. & Parole*, No. 02-2573, 2002 WL 1332808, at *5 (E.D. Pa. June 13, 2002); *see also Abramson v. William Paterson Coll. of New Jersey*, 260 F.3d

265, 288 (3d Cir. 2001) (explaining that written or oral and formal or informal complaints may be viewed as protected activity). In an attempt to allege that her complaints to management caused her termination, Ross asserts that management "displayed hostility and animosity" towards her by "nitpicking and criticizing her work performance" after she complained about the discrimination and she was terminated "in close proximity" thereafter. (Compl. ¶ 26.) While Ross claims in her Response brief that she was fired six days after she complained, the Court cannot consider that in deciding the Motion to Dismiss. Ross may amend her Complaint to allege those and any other relevant facts.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.